**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| METROPOLITAN BREWING, LLC, ) | Case No. 23-13209 |
| ) | |
| Debtor. ) | Honorable Deborah L. Thorne |
| ) | |

## NOTICE OF MOTION

TO: See attached list

**PLEASE TAKE NOTICE** that on October 18, 2023, at 10:30 a.m. (prevailing Central Time), I will appear by Zoom, or in person, before the Honorable Deborah L. Thorne, United States Bankruptcy Judge, or any judge sitting in for such judge, in Courtroom 682 at 219 South Dearborn Street, Chicago Illinois 60604 and present the *Motion of Debtor for Entry of an Order Nunc Pro Tunc to the Petition Date Authorizing: (I) Continued Maintenance of Existing Cash Management System and Bank Account; (II) Use of Existing Business Forms; and (III) Related Relief* (the "*Motion*"), a copy of which is attached.

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728 and no password is required. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

1

Dated: October 3, 2023                        Respectfully submitted,

                                                     /s/ Matthew E. McClintock
**GOLDSTEIN & MCCLINTOCK LLLP**
Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey C. Dan, Esq. (Atty. No. 6242750)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com

*Proposed counsel for the Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| METROPOLITAN BREWING, LLC, | ) Case No. 23-13209 |
| | ) |
| Debtor. | ) Honorable Deborah L. Thorne |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER *NUNC PRO TUNC*
TO THE PETITION DATE AUTHORIZING (I) CONTINUED MAINTENANCE
OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNT,
(II) USE OF EXISTING BUSINESS FORMS, AND (III) RELATED RELIEF**

Metropolitan Brewing, LLC (the "*Debtor*"), by and through its attorneys, Goldstein & McClintock LLLP, hereby moves this Court (this "*Motion*") for entry of an order, *nunc pro tunc* to the Petition Date, and substantially in the form attached hereto, authorizing: (i) continued maintenance of its existing cash management system and bank accounts, (ii) use of existing business forms; and (iii) related relief (the *"Motion"*). In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Bankruptcy Court exercises jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Motion are sections 105, 345, 363, 553, 1107, 1108, and 521(a) of title 11 of the United States Code (the "*Bankruptcy Code*").

**BACKGROUND**

3. On October 3, 2023 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et*

1

*seq.* (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), thereby commencing the above-captioned bankruptcy case (this "*Chapter 11 Case*").

4. Metropolitan is a well-known and well-loved brewery located in a large commercial property (the "*Property*") overlooking the North Branch of the Chicago River at 3057 N. Rockwell Street. Founded by Tracy and Doug Hurst in 2007, the brewery focuses on brewing German-style beers including well-known brands such as its "Krankshaft Kölsch" and "Flywheel Pilsner."

5. Additional background on the Debtor and the circumstances of the Chapter 11 Case can be found in the declaration of Tracy Hurst filed contemporaneously herewith, which background is incorporated herein by reference.

## DEBTOR'S CASH MANAGEMENT SYSTEM

6. The Debtor currently maintains a streamlined cash management system that consists of a checking account (the "*Operating Account*") and a money market / savings account (the "*MM Account*," and together with the Operating Account, the "*Bank Accounts*"). The Bank Accounts both are located at PNC Bank, N.A. (the "*Bank*").

7. The Debtor uses the Operating Account as the primary account in which the Debtor collects and disburses cash generated by its business, satisfies financial obligations, funds payroll, and centrally controls and monitors funds and available cash. All deposits flow through the Operating Account and expenditures are paid out of the Operating Account. The MM Account is used by the Debtor as a savings account and effectively as an internal line of credit. When excess cash builds up in the Operating Account, the Debtor transfers cash to the MM Account, both for security and to collect interest. When cash is short in the Operating Account, the Debtor transfers funds from the MM Account. Right now, the cash in the MM account is not from operations, but

2

is remaining cash that the Debtor received from employee retention credits. The Debtor's integrated use of its Bank Accounts comprise its "Cash Management System."

## BASIS FOR RELIEF

8. The United States Trustee has established operating guidelines for chapter 11 cases that provide, among other things, that a debtor must close all existing bank accounts and open debtor-in-possession accounts, establish separate accounts for certain taxes, and that checks must bear the designation "debtor-in-possession."

9. For several reasons, moving the Bank Accounts to another institution (or opening new accounts at PNC) would have a detrimental impact on the Debtor's business operations, relations with creditors, and efforts to maximize the value of its assets. In particular, keeping the existing Cash Management System will have several benefits and tend to maximize creditor recoveries. For example:

   a. *Collecting receivables*: The Debtor collects some of its receivables electronically. Requiring the Debtor to switch bank accounts will likely create confusion and may result in delayed revenue. Keeping it in place would avoid this risk.

   b. *Avoiding Disruption / Focusing on Maximizing Recvoveries*: Leaving the Cash Management system in place will allow the Debtor's limited staff to focus on generating revenue and maintaining operations as seamlessly as possible. If the Debtor is required to alter the manner in which it collects and disburses cash, including changing bank accounts, the Debtor would have to overextend its scarce human resources. This is in large part because there are many vendors and employees who are set up to be paid electronically, so all of the Bank Account infrastructure would have to be re-created, which would take significant time.

    c. *Obligation under PNC loan documents*: The PNC equipment loan note requires the Debtor to maintain its primary depository accounts at PNC (or PNC has the right to increase the interest rate by 1% and reserves the right to exercise other remedies).

    d. *Payroll*: the Debtor is set up to fund payroll – which it does via ACH transfers – through the PNC operating account. Requiring the Debtor to open a new bank account could disrupt payroll, the last thing the Debtor needs as it is trying to stabilize operations in Chapter 11 and reassure employees.

10. The Debtor submits that the relief requested will be beneficial to creditors and is crucial for the Debtor's continued operations.

11. Moreover, the Debtor also understands that the Bank (PNC Bank, N.A.) is an "approved depository institution" with the United States Trustee's office. So this is not a situation where funds are potentially at risk (*i.e.*, the Debtor would likely just be shifting funds within the same institution, but with the risks and administrative burden outlined above).

12. Finally, the Debtor filed for bankruptcy protection with well under $100,000 in cash, substantially below the FDIC's standard deposit insurance coverage limit of $250,000.

13. For all of the foregoing reasons, the Debtor seeks authorization to continue using its existing Bank Account, as well as its current stock of checks, correspondence and business forms without reference to the Debtor's status as debtor-in-possession.

14. In connection with the relief requested, the Debtor requests that the Court authorize the Bank to continue to maintain, service, and administer the Bank Account as bank account of the Debtor as debtor-in-possession, without interruption and in the ordinary course of business. The Debtor further requests that the Court authorize and direct the Bank and other parties to receive, process, honor, and pay any and all checks, wire transfer, credit card, ACH payments and other

instructions, and drafts payable through, or drawn or directed on, such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto.

15. Courts in this district have regularly waived the U.S. Trustee Guidelines on the grounds that they are impractical and potentially detrimental to a debtor's post-petition business operations and restructuring efforts in similar chapter 11 cases. *See, e.g., In re Quadrant 4 System Corp.*, No. 17-19689 (JBS) (Bankr. N.D. Ill. July 7, 2017); *In re ITR Concession Co.*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Oct. 28, 2014); *In re Edison Mission Energy,* No. 12-49219 (JPC) (Bankr. N.D. Ill. May 15, 2013); *In re GEI-RP (f/k/a Giordano's Enters., Inc.)*, No. 11- 06098 (ERW) (Bankr. N.D. Ill. Feb. 17, 2011); *In re Gas City Ltd.*, No. 10-47879 (ERW) (Bankr. N.D. Ill. Oct. 28, 2010); *In re Corus Bankshares, Inc.*, No. 10-26881 (PSH) (Bankr. N.D. Ill. July 9, 2010).

16. Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interest of the estate and creditors, and should be granted by this Court. The Debtor further submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, particularly due to the disruption in rent collection and inability to fund payroll.

## NOTICE

15. Notice of this Application has been served upon: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the Debtor's twenty (20) largest unsecured creditors; (c) PNC Bank, N.A.; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter substantially in the forms attached hereto granting the relief requested herein and grant such other and further relief as is just and proper.

Dated: October 3, 2023                                  Respectfully submitted,

                                                                     /s/ Matthew E. McClintock
**GOLDSTEIN & MCCLINTOCK LLLP**
Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey C. Dan, Esq. (Atty. No. 6242750)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com

*Proposed counsel for the Debtor and Debtor-in-Possession*

# CERTIFICATE OF SERVICE

    I, Matthew E. McClintock, the undersigned attorney, hereby certify that on October 3, 2019, I caused a copy of the *Notice of Motion* and *Motion of Debtor for Entry of an Order Nunc Pro Tunc to the Petition Date Authorizing (I) Continued Maintenance of Existing Cash Management System and Bank Account, (II) Use of Existing Business Forms, and (III) Related Relief* to be served via first class U.S. Mail as indicated below.

                                                /s/ Matthew E. McClintock

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60640

Illinois Department of Revenue
PO BOX 19005
Springfield, IL 62794

Cook County Treasurer
118 North Clark Street
Room 112
Chicago, IL 60602

PNC Bank, N.A.
222 Delaware Avenue
Wilmington, DE 19801
Attn: Business Banking

PNC Bank, N.A.
249 Fifth Ave, MS P1-

POPP-BL-7
Pittsburgh, PA 15222

Live Oak Banking Company
c/o Reid H. Harbin, Esq.
Harbin & Miller, LLC
5591 Chamblee Dunwoody Road
Bldg. 1300, Ste. 300
Dunwoody, Georgia 30338

Live Oak Banking Company
1741 Tiburon Drive
Wilmington, NC 28403

U.S. Small Business Administration
2 North Street, Suite 320
Birmingham, AL 35203

Rockwell Properties, LLC
c/o Prairie Management & Development, Inc.
333 N. Michigan Ave., Suite 1700
Chicago, IL 60601-3981

Rockwell Properties, LLC
c/o Jason M. Metnick
Meltzer, Purtill & Stelle LLC
125 South Wacker Drive,

Suite 2900
Chicago, IL 60606

RPS Des Moines
P.O. BOX 4095
Clinton, IA 52733

Tricor, Inc.
600 Star Brewery Dr.
Suite 110
Dubuque, IA 52001

Society Insurance
150 Camelot Drive
P.O. Box 1029
Fond du Lac, WI 54936

Illinois Casualty Company
225 20th Street
Rock Island, IL 61201

American Welding & Gas, Inc.
6944 South Pulaski Ave.
Chicago, IL 60632

Brewers Supply Group
800 West 1st Ave.
Shakopee, MN 55379

Brewing Science Institute
106 Glen Dale Dr.
Woodland Park, CO 80863

Brotschul Potts, LLC
1 Tower Ln.
Suite 2060
Villa Park, IL 60181

Conrad Seipp Brewing
Company, LLC
2522 West Iowa Street
Apt. 1
Chicago, IL 60622

Green Bay Packaging
2200 Warrenville Rd.
Downers Grove, IL 60515

KegCraft
9000 W 67th St
La Grange, IL 60525

LEAF Capital Funding,
LLC
8100 Sandpiper Circle
Suite 300
Baltimore, MD 21236

McMaster-Carr
600 County Line Rd
Elmhurst, IL 60126

Peoples Gas Aon Center
200 E Randolph Street
Suite 5
Chicago, IL 60601

U.S. SBA loan EIDL
P.O. Box 3918
Portland, OR 97208

Vibrant Graphics
4066 N Port Washington
Rd.
Milwaukee, WI 53212

Williams Stroker &
Heating Co.
1823 W Belmont Ave.
Chicago, IL 60657

2