**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| METROPOLITAN BREWING, LLC, | ) Case No. 23-13209 |
| | ) |
| Debtor. | ) Honorable Deborah L. Thorne |
| | ) |

## NOTICE OF MOTION

TO: See attached list

**PLEASE TAKE NOTICE** that on October 18, 2023, at 10:30 a.m.(prevailing Central Time), I will appear by Zoom, or in person, before the Honorable Deborah L. Thorne, United States Bankruptcy Judge, or any judge sitting in for such judge, in Courtroom 682 at 219 South Dearborn Street, Chicago Illinois 60604 and present the *Debtor's Motion for Entry of an Order: (A) Authorizing Payment of Prepetition Taxes and Fees; and (B) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Payments Related Thereto* (the "*Motion*"), a copy of which is attached.

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728 and no password is required. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: October 3, 2023                      Respectfully submitted,

                                                   /s/ Matthew E. McClintock
                                             **GOLDSTEIN & MCCLINTOCK LLLP**
                                             Matthew E. McClintock, Esq. (Atty. No. 6280574)
                                             Jeffrey C. Dan, Esq. (Atty. No. 6242750*)*
                                             111 W. Washington Street, Suite 1221
                                             Chicago, IL 60602
                                             Telephone: (312) 337-7700
                                             Facsimile: (312) 277-2310
                                             mattm@goldmclaw.com
                                             jeffd@goldmclaw.com

                                             *Proposed counsel for the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| METROPOLITAN BREWING, LLC, | ) Case No. 23-13209 |
| | ) |
| Debtor. | ) Honorable Deborah L. Thorne |
| | ) |

**MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING PAYMENT
OF PREPETITION TAXES AND FEES, AND (B) AUTHORIZING APPLICABLE
BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS,
HONOR, AND PAY PAYMENTS RELATED THERETO**

The above-captioned debtor and debtor-in-possession (the "*Debtor*"), by and through its proposed undersigned counsel, hereby moves this Court (the "*Motion*") for entry of an order pursuant to sections 105(a), 363(b), 507(a)(8) and 541 of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for entry of an order (a) authorizing the Debtor, in its discretion, to pay certain accrued and outstanding prepetition Taxes and Fees, and (b) authorizing applicable banks and other financial institutions to receive, process, honor, and pay payments related thereto. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for this Motion is sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the Bankruptcy Code and Rules 6003 and 6004 of the Bankruptcy Rules.

## BACKGROUND

1. On October 3, 2023 (the "*Petition Date*"), the Debtor filed a voluntary petition in this Court for relief for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), thereby commencing the above-captioned bankruptcy case (this "*Chapter 11 Case*"). The Debtor continues to operate its businesses and manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Metropolitan is a well-known and well-loved brewery located in a large commercial property (the "*Property*") overlooking the North Branch of the Chicago River at 3057 N. Rockwell Street. Tracy and Doug Hurst founded the brewery in 2007. The brewery focuses on brewing German-style beers including well-known brands such as its "Krankshaft Kölsch" and "Flywheel Pilsner."

3. Additional background on the Debtor and the circumstances of the Chapter 11 Case can be found in the declaration of Tracy Hurst filed contemporaneously herewith and is incorporated herein by reference.

## RELIEF REQUESTED

4. The Debtor seeks entry of an order (a) authorizing the Debtor, in its discretion, to pay certain accrued and outstanding prepetition Taxes and Fees, and (b) authorizing applicable banks and other financial institutions to receive, process, honor, and pay all checks presented for payment related thereto. The Debtor believes that this relief is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

## TAX AND FEE OBLIGATIONS

5. In the ordinary course of business, the Debtor: (a) collects and incurs taxes in the United States, including Sales and Use Taxes, Federal and State Excise Taxes, Income Taxes,

2

and other taxes (as each is defined herein, and, collectively, the "*Taxes*"); (b) incur fees, assessments, and other similar charges necessary to operate its businesses, including Business License Fees and Other Fees (as each is defined herein, and, collectively, the "*Fees*"); and (c) remits such Taxes and Fees to various taxing, licensing, regulatory, and other authorities (collectively, the "*Taxing Authorities*").

6. The Debtor pays or remits, as applicable, Taxes and Fees daily, weekly, monthly, quarterly, semi-annually, or annually to the respective Taxing Authorities, as required by applicable laws and regulations. The Debtor's failure to remit required Taxes and Fees would undoubtedly jeopardize its operations.

I. **Sales and Use Taxes**

7. The Debtor incurs and collects from customers state and local sales taxes (the "*Sales Taxes*") in connection with the sale of products. Sales Taxes are charged at the point of purchase and set by the applicable Taxing Authority as a percentage of the total purchase price.

8. In addition to Sales Taxes, Debtor is also responsible for remitting use taxes (the "*Use Taxes*," and together with the Sales Taxes, the "*Sales and Use Taxes*") any time it purchases tangible personal property from vendors who are not located in the state the property is to be delivered, or on account of certain goods and services. Use Taxes arise if a supplier does not have business operations in the state in which it is supplying goods and therefore does not charge state taxes. In such instances, applicable law generally requires the Debtor to self-assess and pay Use Taxes to the applicable Taxing Authorities.

9. Additionally, from time to time, the Debtor may receive tax credits for overpayments or refunds of Sales and Use Taxes. It is Debtor's standard practice to use these tax

3

creditors in the ordinary course to offset against Sales and Use Taxes. The Debtor seeks authority to continue using such tax credits in the ordinary course.

10. As of the Petition Date, the Debtor believes it is current with respect to its payment of Sales and Use Taxes. However, out of an abundance of caution, the Debtor seek authority to pay any outstanding Sales and Use Taxes due as of the Petition Date and continue to pay Sales and Use Taxes on a post-petition basis in the ordinary course.

## II. Income Taxes

11. Debtor is required to pay, on an annual basis, income or corporate taxes (the "*Income Taxes*") on net income.

12. As of the Petition Date, no Income Taxes are due and payable and no Income Taxes are expected to become payable within the first 21 days of these Chapter 11 Cases. However, out of an abundance of caution, the Debtor seeks authority to pay any Income Taxes due as of the Petition Date and that become due and payable post-petition in the ordinary course of business.

## III. Federal and State Excise Taxes

13. Excise taxes are Federal and state taxes that breweries and other alcohol producers pay on the production and sale of alcoholic beverages, including beer ("*Federal and State Excise Taxes*").

14. As of the Petition Date, the Debtor believes it was current on payment of Federal and State Excise Taxes. However, out of an abundance of caution, the Debtor seeks authority to pay any Income Taxes due as of the Petition Date and that become due and payable post-petition in the ordinary course of business.

**IV.  Business License Fees and Other Fees**

15. As a brewery, the Debtor is subject to substantial licensing requirements. Governmental regulatory entities, including the City of Chicago, Cook County, State of Illinois, and Federal Government, have various licensing requirements that are applicable to the Debtor's business. To maintain its licenses, the Debtor is required to pay corresponding business license fees, annual corporate filing, and similar fees ("*Fees*"). As of the Petition Date, the Debtor believes that it was current on such licensing costs and obligations.

16. If the Debtor fails to pay the Fees, the respective licensing agencies may revoke or restrict the Debtor's right to do business, thereby effectively forcing the Debtor to close or severely restrict its operations. The amount of revenue that could be lost during a short shutdown far outweighs the amount of the Fees that might be owing as of the Petition Date. Accordingly, the Debtor seeks authority to pay any prepetition Fees in the ordinary course of business and as necessary to continue operations.

**BASIS FOR RELIEF**

17. The failure to pay the Taxes and Fees could trigger a material adverse impact on the Debtor's operations, including the potential suspension of the Debtor's ability to operate. The Debtor acknowledges that the automatic stay would most likely prohibit the Taxing Authorities from taking such detrimental actions in response to the Debtor's nonpayment of the Taxes and/or Fees. Out of an abundance of caution, however, the Debtor seeks the relief requested herein so as to eliminate the possibility of a severe disruption to its business.

18. Courts have authorized debtors to pay prepetition claims under section 363(b)(l) of the Bankruptcy Code, which provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under such

section, a court may authorize a debtor to pay certain prepetition claims. *See In re FV Steel and Wire Co.*, Case No. 04-22421 (SVK) (Bankr. E.D. Wis. 2004) (authorizing the continuation of customer programs and the payment of prepetition claims under section 363 of the Bankruptcy Code); *In re Ionosphere Clubs, Inc. and Eastern Air Lines, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); *In re VAL Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-the-ordinary-course transaction). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Ionosphere*, 98 B.R. at 175. As discussed, the Debtor's failure to pay the Taxes and Fees could have a material adverse impact on its ability to operate its business.

19. Furthermore, the payments to the Taxing Authorities are authorized pursuant to section 105(a) of the Bankruptcy Code – the section codifying this Court's general equitable powers. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." The purpose of section 105(a) is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy, 105.01, at 105-5 (16th ed. 2010).

20. A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)). Under section 105(a) of the Bankruptcy Code, a court "can permit pre-plan payment of a pre-petition obligation when

essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).

21. The "necessity of payment" rule further supports the relief requested in the Motion. The "necessity of payment" rule "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176; *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987). This rule is consistent with the paramount goal of chapter 11 — "facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176.

22. Without question, the payment of the Taxes and Fees to the Taxing Authorities is necessary in this case. It is in the best interest of Debtor's estate that the Taxes and Fees are paid on time so as to avoid administrative difficulties. Withholding payment of the Taxes and Fees very likely would cause Taxing Authorities to take precipitous action, including perhaps an increase in tax audits, additional lien filings, and significant administrative activity. Prompt and regular payment of the Taxes and Fees will avoid this unnecessary governmental action.

23. Moreover, the Taxes and Fees may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code. Debtor's payment of the Taxes and Fees should thus affect only the timing of the payments and not the amounts to be received by such entities. Therefore, other creditors and parties-in-interest will not be prejudiced if the relief sought herein is granted by this Court, and the Court's exercise of its equitable powers under section 105(a) of the Bankruptcy Code will not be in derogation of any Bankruptcy Code provision. In addition, claims entitled to priority status pursuant to section 507(a)(8) must be paid in full to confirm a plan of reorganization under section 1129(a)(9)(c). Thus, payment of such Taxes would give the

Taxing Authorities no more than what they otherwise would be entitled to receive under a chapter 11 plan. In fact, payment at this time could save the Debtor's estate interest expense, legal expense, and penalties that otherwise might accrue on such Taxes during the Chapter 11 Case.

24.  Additionally, certain of the Taxes may not be property of the Debtor's estate. Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

25.  Some of the Taxes may constitute "trust fund" taxes, which the Debtor is required to collect and/or hold in trust for payment to Taxing Authorities. Courts have held that such taxes are not part of a debtor's estate. *See, e.g., Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes, such as excise taxes, FICA taxes, and withholding taxes, are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *Rosenow v. Ill. Dep't of Revenue (In re Rosenow)*, 715 F.2d 277, 279–82 (7th Cir. 1983) (holding that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *see also DuCharmes & Co., Inc. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194, 196 (6th Cir. 1988) (per curiam) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 833 (9th Cir. 1986) (same); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir.

8

Case 23-13209    Doc 7    Filed 10/03/23    Entered 10/03/23 16:32:29    Desc Main
Document    Page 11 of 15

1983) (same). The Debtor, therefore, generally does not have an equitable interest in such funds and property, and should be permitted to remit them to the Taxing Authorities as due.

26. Indeed, courts in this and other districts have authorized debtors in possession to pay a variety of prepetition claims of creditors, including claims similar to the Taxes and Fees. *See, e.g., In re Caesars Entertainment Operating Company, Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. Jan. 15, 2015); *In re ITR Concession Co.*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Oct. 28, 2014); *In re GSE Env't, Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 6, 2014); *In re Sbarro, LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Apr. 7, 2014); *In re Maxcom Telecomunicaciones*, S.A.B. De C.V., No. 13-11839 (PJW) (Bankr. D. Del. July 25, 2013); *In re Edison Mission Energy, No.*, 12-49219 (JPC) (Bankr. N.D. Ill. Jan. 17, 2013); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 30, 2012); *In re Hartford Computer Hardware, Inc.*, No. 11-49744 (PSH) (Bankr. N.D. Ill. Dec. 15, 2011); *In re GEI-RP (f/k/a Giordano's Enters., Inc.)*, No. 11-06098 (ERW) (Bankr. N.D. Ill. Feb. 17, 2011); *In re Gas City, Ltd.*, No. 10-47879 (ERW) (Bankr. N.D. Ill. Nov. 19, 2010); *In re AMCORE Fin., Inc.*, No. 10-37144 (SPS) (Bankr. N.D. Ill. Aug. 24, 2010); *In re River Rd. Hotel Partners, LLC*, No. 09-30029 (BWB) (Bankr. N.D. Ill. Aug. 27, 2009); *In re XMH Corp. 1 (f/k/a Hartmarx Corp.)*, No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009); *In re Kimball Hill, Inc.*, No. 08- 10095 (SPS) (Bankr. N.D. Ill. May 13, 2008); *In re Select Snacks, Inc.*, No. 07-18769 (PSH) (Bankr. N.D. Ill. Oct. 18, 2007); *In re UAL Corp.*, No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 10, 2002). The Debtor submits that the present circumstances warrant similar relief in these Chapter 11 Cases.

27. The Debtor also requests that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay all checks presented for payment, and to honor all electronic payment requests made by the Debtor related to the prepetition obligations

described herein, whether such checks were presented, or electronic requests were submitted prior to or after the Petition Date. The Debtor further requests that all such banks and financial institutions be authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Motion. The Debtor expects to have sufficient cash to promptly pay all prepetition obligations set forth herein on an ongoing basis and in the ordinary course of its businesses.

28. For all the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interest of its estate. Nothing in this Motion or any order granting the relief requested should be construed as impairing the Debtor's ability to contest the amounts of the Taxes or Fees owing to the various Taxing Authorities.

## NOTICE

29. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) entities that have filed UCC-1 financing statements against the Debtor, (iii) the holders of the twenty (20) largest unsecured claims against the Debtor; and (iv) all other parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## NO PRIOR REQUEST

30. No prior request for the relief sought in this Motion has been made in this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form submitted herewith, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: October 3, 2023                                  Respectfully submitted,

                                                        By: /s/ Matthew E. McClintock

                                                        Matthew E. McClintock, Esq. (Atty. No. 6280574)
                                                        Jeffrey C. Dan, Esq. (Atty. No. 6242750)
                                                        **GOLDSTEIN & MCCLINTOCK LLLP**
                                                        111 W. Washington Street, Suite 1221
                                                        Chicago, IL 60602
                                                        Telephone: (312) 337-7700
                                                        Facsimile: (312) 277-2310
                                                        mattm@goldmclaw.com
                                                        jeffd@goldmclaw.com

                                                        *Proposed Counsel to the Debtor*

# CERTIFICATE OF SERVICE

I, Matthew E. McClintock, the undersigned attorney, hereby certify that on October 3, 2023, I caused a copy of the ***Debtor's Motion for Entry of an Order: (A) Authorizing Payment of Prepetition Taxes and Fees; and (B) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Payments Related Thereto*** to be served via first class U.S. Mail as indicated below.

/s/ Matthew E. McClintock

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60640

Illinois Department of Revenue
PO BOX 19005
Springfield, IL 62794

Cook County Treasurer
118 North Clark Street
Room 112
Chicago, IL 60602

PNC Bank, N.A.
222 Delaware Avenue
Wilmington, DE 19801
Attn: Business Banking

PNC Bank, N.A.
249 Fifth Ave, MS P1-POPP-BL-7
Pittsburgh, PA 15222

Live Oak Banking Company
c/o Reid H. Harbin, Esq.
Harbin & Miller, LLC
5591 Chamblee Dunwoody Road
Bldg. 1300, Ste. 300
Dunwoody, Georgia 30338

Live Oak Banking Company
1741 Tiburon Drive
Wilmington, NC 28403

U.S. Small Business Administration
2 North Street, Suite 320
Birmingham, AL 35203

Rockwell Properties, LLC
c/o Prairie Management & Development, Inc.
333 N. Michigan Ave., Suite 1700
Chicago, IL 60601-3981

Rockwell Properties, LLC
c/o Jason M. Metnick
Meltzer, Purtill & Stelle LLC
125 South Wacker Drive, Suite 2900
Chicago, IL 60606

RPS Des Moines
P.O. BOX 4095
Clinton, IA 52733

Tricor, Inc.
600 Star Brewery Dr.
Suite 110
Dubuque, IA 52001

Society Insurance
150 Camelot Drive
P.O. Box 1029
Fond du Lac, WI 54936

Illinois Casualty Company
225 20th Street
Rock Island, IL 61201

American Welding & Gas, Inc.
6944 South Pulaski Ave.
Chicago, IL 60632

Brewers Supply Group
800 West 1st Ave.
Shakopee, MN 55379

Brewing Science Institute
106 Glen Dale Dr.
Woodland Park, CO 80863

Brotschul Potts, LLC
1 Tower Ln.
Suite 2060
Villa Park, IL 60181

Conrad Seipp Brewing
Company, LLC
2522 West Iowas Street
Apt. 1
Chicago, IL 60622

Green Bay Packaging
2200 Warrenville Rd.
Downers Grove, IL 60515

KegCraft
9000 W 67th St
La Grange, IL 60525

LEAF Capital Funding,
LLC
8100 Sandpiper Circle
Suite 300
Baltimore, MD 21236

McMaster-Carr
600 County Line Rd
Elmhurst, IL 60126

Peoples Gas Aon Center
200 E Randolph Street
Suite 5
Chicago, IL 60601

U.S. SBA loan EIDL
P.O. Box 3918
Portland, OR 97208

Vibrant Graphics
4066 N Port Washington
Rd.
Milwaukee, WI 53212

Williams Stroker &
Heating Co.
1823 W Belmont Ave.
Chicago, IL 60657

2