**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| METROPOLITAN BREWING, LLC, | ) Case No. 23-13209 |
| | ) |
| Debtor. | ) Honorable Deborah L. Thorne |
| | ) |

**NOTICE OF MOTION**

TO: See attached list

**PLEASE TAKE NOTICE** that on October 18, 2023, at 10:30 a.m. (prevailing Central Time), I will appear by Zoom, or in person, before the Honorable Deborah L. Thorne, United States Bankruptcy Judge, or any judge sitting in for such judge, in Courtroom 682 at 219 South Dearborn Street, Chicago Illinois 60604 and present the *Motion of Debtor for Entry of an Order: (A) Authorizing the Debtor to Continue to Maintain its Insurance Policies and Programs and Honor all Associated Obligations; and (B) Approving Related Relief* (the "*Motion*"), a copy of which is attached.

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728 and no password is required. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: October 3, 2023 Respectfully submitted,

  /s/ Matthew E. McClintock
**GOLDSTEIN & MCCLINTOCK LLLP**
Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey C. Dan, Esq. (Atty. No. 6242750*)*
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com

*Proposed counsel for the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| METROPOLITAN BREWING, LLC, | ) Case No. 23-13209 |
| | ) |
| Debtor. | ) Honorable Deborah L. Thorne |

**MOTION FOR ENTRY OF AN ORDER: (A) AUTHORIZING THE DEBTOR TO CONTINUE TO MAINTAIN INSURANCE POLICIES AND PROGRAMS AND HONOR ALL ASSOCIATED OBLIGATIONS; AND (B) APPROVING RELATED RELIEF**

Metropolitan Brewing, LLC (the "*Debtor*"), by and through its attorneys, Goldstein & McClintock LLLP, and pursuant to 105(a), 362(d), 363(b), 364 and 503(b) of the title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), hereby moves (the "*Motion*") for entry of an order: (a) authorizing the Debtor to continue to maintain its insurance policies and programs and honor all associated obligations, including paying all prepetition obligations; and (b) approving related relief, including modifying the automatic stay as necessary to permit the Debtor's employees to proceed with any claims they may have under the Workers' Compensation Program. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

2. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.  Metropolitan is a well-known and well-loved brewery located in a large commercial property (the "*Property*") overlooking the North Branch of the Chicago River at 3057 N. Rockwell Street. Founded by Tracy and Doug Hurst in 2007, the brewery focuses on brewing German-style beers including well-known brands such as its "Krankshaft Kölsch" and "Flywheel Pilsner."

4.  On September 3, 2023 (the "*Petition Date*"), the Debtor filed a voluntary Petition for relief under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), thereby commencing the above-captioned bankruptcy case (this "*Chapter 11 Case*").

5.  Additional background on the Debtor and the circumstances of this Chapter 11 Case can be found in the declaration of Tracy Hurst filed contemporaneously herewith, which background is incorporated herein by reference.

**Debtor's Insurance Policies and Programs**

6.  In connection with the operation of the Debtor's business, the Debtor maintains various insurance policies and a workers' compensation program (collectively, the "*Insurance Policies and Programs*"; and all premiums and other obligations related thereto, including any fees, collectively, the "*Insurance Obligations*") through several different insurance carriers (the "*Insurers*") as follows:

**Metropolitan Brewing, LLC – Insurance Policies & Programs**

| Insurance Company | Insurance Broker | Type | Annual Premium |
|---|---|---|---|
| Society Insurance | Tricor, Inc. | Automotive | $6,755 |
| Society Insurance | Tricor, Inc. | Business – Liability & Property | $6,493 |

4

| Illinois Casualty Company | Risk Placement Services | Liquor Liability | $3,108 |
| Society Insurance | Tricor, Inc. | Umbrella | $1,225 |
| Society Insurance | Tricor, Inc. | Workers Compensation | $5,554 |
| | | **Total** | **$23,135** |

**A.      The Insurance Policies**

7.       The Insurance Policies and Programs provide the Debtor with insurance related to, among other things, general liability, business personal property coverage, automotive liability, worker's compensation coverage, umbrella liability, and liquor liability. The Debtor maintains the Insurance Policies and Programs to help manage and limit the various risks associated with operating its business, and some of the policies are legally required. All are essential to the preservation of the value of the Debtor's business.

8.       Additionally, the Bankruptcy Code requires the Debtor to carry adequate insurance, as section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public," is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C).

9.       The Insurance Obligations are primarily comprised of the annual premiums for the Insurance Policies & Programs, which the Debtor pays based upon a fixed rate established and billed by each Insurer. My understanding is that the Debtor pays approximately $23,135 in Insurance Obligations each year (*see* Exhibit A). For most or all of these, the entire premium is billed, but either the provider or a third-party financing company allows the Debtor to pay in installments.

10.      As part of the Insurance Policies and Programs, the Debtor maintains workers' compensation insurance (the "*Workers' Compensation Program*"). The Debtor's Workers'

5

Compensation Program provides coverage up to $1,000,000.00 per claim. As of the Petition Date, the Debtor was not aware of any pending claims under the Workers' Compensation Program.

**Relief Requested**

11. The Debtor seek entry of an order: (a) authorizing the Debtor to continue to maintain its Insurance Policies and Programs; (b) authorizing the Debtor to honor the obligations arising therefrom in the ordinary course of business during the administration of this Chapter 11 Case, including paying any and all prepetition Insurance Obligations; and (c) authorizing related relief, including the modification of the automatic stay if necessary to permit the Debtor's employees to proceed with any claims they may have under the Workers' Compensation Program. The Debtor also seeks, in furtherance of the foregoing, authority to increase, renew, or extend its insurance coverage, including financing policy premiums in the ordinary course of business, if it determines, using reasonable business judgment, that such action is necessary or appropriate.

12. The Debtor further requests that the Court: (i) authorize and direct all applicable financial institutions (the "*Banks*") to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent directed by the Debtor in accordance with this Motion and to the extent the Debtor has sufficient funds standing to its credit with such Bank, whether such checks were presented or electronic requests were submitted before or after the Petition Date; and (ii) authorize all Banks to rely on the Debtor's designation of any particular check or electronic payment request as appropriate pursuant to this Motion, without any duty of further inquiry, and without liability for following the Debtor's instructions.

**Relief Requested Should Be Granted**

6

A. **Maintaining the Debtor' Insurance Policies and Programs and Payment of the Insurance Obligations is Warranted Under Section 363(b)(1) of the Bankruptcy Code and Doctrine of Necessity**

13. A bankruptcy court may authorize a debtor to pay certain prepetition obligations pursuant to section 363(b) of the Bankruptcy Code. Section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use of assets outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, courts require only that the debtor show that a sound business purpose justifies such actions. *In re Schipper*, 933 F.2d 513, 55 (7th Cir. 1991) (noting that a debtor may sell property outside the ordinary course of business if it can provide "an articulated business justification" (citing *In re Con'l Air Lines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986)).

14. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtor to carry out its fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also In re Resource Technology Corp.*, 356 B.R. 435, 444 n. 3 (Bankr. N.D. Ill. 2006) ("The Supreme Court has recognized that a Chapter 11 debtor in possession exercises the powers of a trustee pursuant to § 1107(a)....").

15. Courts routinely authorize debtors to maintain insurance coverage and pay prepetition claims related thereto when, as is the case here, that authority serves the best interests of the Debtor estates. *See*, *e.g.*, *In re Caesars Entertainment Operating Co.*, No 15-001145 (Bankr. N.D. Ill. Jan 15, 2013) (authorizing Debtor to pay prepetition premiums and enter into new insurance policies under section 363(b)); *In re Gas City Ltd.*, No. 10-47879 (Bankr. N.D. Ill. October 27, 2010) (same); *Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of the continuance of [crucial] business relations"); *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the . . . [business] during reorganization, payment may be authorized even if it is made out of [the] corpus"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied* 325 U.S. 873 (1945).

16. Maintaining the Insurance Policies and Programs and paying for the Insurance Obligations are necessary for preserving the Debtor's business. For example, the Debtor' failure to maintain the Workers' Compensation Program could jeopardize coverage and expose the Debtor to fines and other adverse actions by state workers' compensation boards. In addition, the risk that eligible workers' compensation claimants would not receive timely payments for prepetition employment-related injuries could negatively impact the financial well-being and morale of not just those claimants, but also the Debtor's active employees. Similarly, the other Insurance Programs and Policies are essential to the Debtor's operations, as the Debtor would be exposed to significant liability if the Insurance Policies and Programs were allowed to lapse or terminate.

Such exposure could have a materially adverse impact on the Debtor's strategy and its ability to maximize value for its creditors.

17. Accordingly, authority to maintain the Insurance Policies and Programs and to pay all Insurance Obligations, including any unpaid Insurance Obligations arising prior to the commencement of this Chapter 11 Case, is critical to the Debtor's ability to preserve the going-concern value of its business, which will inure to the benefit of all parties in interest.

18. Moreover, the relief requested by this Motion represents a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's business and is justified under sections 363(b) and 105(a) of the Bankruptcy Code.

### B. The Automatic Stay Should Be Modified for Workers' Compensation Claims

19. Section 362(a)(1) of the Bankruptcy Code operates to stay:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1).

20. Section 362(d)(1), however, permits a debtor or other party in interest to request a modification or termination of the automatic stay for "cause." 11 U.S.C. § 362(d)(1).

21. Pursuant to section 362(d) of the Bankruptcy Code, the Debtor seeks authority to modify the automatic stay to permit employees who hold workers' compensation claims to proceed with such claims in the appropriate judicial or administrative forum. The Debtor further requests that any recovery on account of such claims be limited solely to the proceeds under the Debtor's applicable Insurance Policies and Programs and proceeds from non-Debtor sources.

22. There is cause to modify the automatic stay because staying the workers' compensation claims could result in employee departures or otherwise harm employee morale, at a time when the Debtor needs its workforce to be operating at peak efficiency. Unnecessary distractions – or worse, heavy attrition – could jeopardize the Debtor's strategy and result in irreversible harm to the Debtor's business. Accordingly, the Debtor respectfully requests that the Court modify the automatic stay as it relates to workers' compensation claims to allow employees holding any such claims to pursue resolution and collection from the applicable Insurance Providers and any other non-Debtor sources.

**C.   Cause Exists to Authorize Debtor' Financial Institutions to Honor Checks and Electronic Fund Transfers**

23. The Debtor has or will have sufficient funds to pay the Insurance Obligations in the ordinary course of business by virtue of existing cash and / or expected cash flows from ongoing business operations. The Court should authorize the Banks, when requested by the Debtor, to receive, process, honor and pay any and all checks or wire transfer requests in respect of the relief requested herein, solely to the extent that the Debtor has sufficient funds standing to its credit with such Banks, and such Banks may rely on the representations of the Debtor without any duty of further inquiry and without liability for following the Debtor's instructions.

**Reservation of Rights**

24. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease,

program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor' rights to dispute such claim subsequently.

**Bankruptcy Rules 4001(a)(3), 6004(a), and 6004(h)**

25. To implement the foregoing successfully, the Debtor requests that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive, in each case to the extent applicable, the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) and an order authorizing relief from the automatic stay under Bankruptcy Rule 4001(a). The relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) and 4001(a)(3), to the extent such notice requirements and such stay apply.

**Notice**

26. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Northern District of Illinois; (ii) each of the Debtor's twenty (20) largest unsecured creditors; (iii) entities that have filed UCC-1 financing statements against the Debtor; (iv) the Debtor's insurance companies and brokers; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "*Notice Parties*"). The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 3, 2023                        Respectfully submitted,

                                                By: /s/ Matthew E. McClintock

                                                Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey Dan, Esq. (Atty. No. 6242750)
**GOLDSTEIN & MCCLINTOCK LLLP**
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com

*Proposed Counsel to the Debtor and Debtor-In-Possession*

# CERTIFICATE OF SERVICE

    I, Matthew E. McClintock, the undersigned attorney, hereby certify that on October 3, 2023, I caused a copy of the ***Motion of Debtor for Entry of an Order (A) Authorizing the Debtor to Continue to Maintain its Insurance Policies and Programs and Honor all Associated Obligations and (B) Approving Related Relief*** to be served via first class U.S. Mail as indicated below.

                                               /s/ Matthew E. McClintock

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60640

Illinois Department of Revenue
PO BOX 19005
Springfield, IL 62794

Cook County Treasurer
118 North Clark Street
Room 112
Chicago, IL 60602

PNC Bank, N.A.
222 Delaware Avenue
Wilmington, DE 19801
Attn: Business Banking

PNC Bank, N.A.
249 Fifth Ave, MS P1-

POPP-BL-7
Pittsburgh, PA 15222

Live Oak Banking Company
c/o Reid H. Harbin, Esq.
Harbin & Miller, LLC
5591 Chamblee Dunwoody Road
Bldg. 1300, Ste. 300
Dunwoody, Georgia 30338

Live Oak Banking Company
1741 Tiburon Drive
Wilmington, NC 28403

U.S. Small Business Administration
2 North Street, Suite 320
Birmingham, AL 35203

Rockwell Properties, LLC
c/o Prairie Management & Development, Inc.
333 N. Michigan Ave., Suite 1700
Chicago, IL 60601-3981

Rockwell Properties, LLC
c/o Jason M. Metnick
Meltzer, Purtill & Stelle LLC
125 South Wacker Drive,

Suite 2900
Chicago, IL 60606

RPS Des Moines
P.O. BOX 4095
Clinton, IA 52733

Tricor, Inc.
600 Star Brewery Dr.
Suite 110
Dubuque, IA 52001

Society Insurance
150 Camelot Drive
P.O. Box 1029
Fond du Lac, WI 54936

Illinois Casualty Company
225 20th Street
Rock Island, IL 61201

American Welding & Gas, Inc.
6944 South Pulaski Ave.
Chicago, IL 60632

Brewers Supply Group
800 West 1st Ave.
Shakopee, MN 55379

Brewing Science Institute
106 Glen Dale Dr.
Woodland Park, CO 80863

Brotschul Potts, LLC
1 Tower Ln.
Suite 2060
Villa Park, IL 60181

Conrad Seipp Brewing Company, LLC
2522 West Iowas Street
Apt. 1
Chicago, IL 60622

Green Bay Packaging
2200 Warrenville Rd.
Downers Grove, IL 60515

KegCraft
9000 W 67th St
La Grange, IL 60525

LEAF Capital Funding, LLC
8100 Sandpiper Circle
Suite 300
Baltimore, MD 21236

McMaster-Carr
600 County Line Rd
Elmhurst, IL 60126

Peoples Gas Aon Center
200 E Randolph Street
Suite 5
Chicago, IL 60601

U.S. SBA loan EIDL
P.O. Box 3918
Portland, OR 97208

Vibrant Graphics
4066 N Port Washington Rd.
Milwaukee, WI 53212

Williams Stroker & Heating Co.
1823 W Belmont Ave.
Chicago, IL 60657

2