UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) Case Number: 23-13209
Metropolitan Brewing, LLC )
 )
 ) Chapter: 11
 )
 ) Honorable Deborah L. Thorne
 )
Debtor(s) )

**INTERIM ORDER (1) AUTHORIZING USE OF CASH COLLATERAL; (2) SCHEDULING FINAL HEARING; AND (3) FOR RELATED RELIEF**

The Court having held a hearing ("Interim Hearing") on the Debtor's Motion Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim Order (1) Authorizing Use of Cash Collateral; (2) Scheduling Final Hearing; and (3) for Related Relief (Dkt. No. 5; the "Motion"), and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing, in light of the facts, that creditors Live Oak Banking Company and PNC Bank, National Association are being adequately protected pursuant to Sections 361 and 363 of the Bankruptcy Code; and it appearing, in light of the facts, that sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 provide bases for granting the requested relief; and no party having objected to entry hereof on an interim basis at the Interim Hearing; it is hereby ORDERED that:

   1. The Court authorizes the Interim Hearing and approves the fact that the Motion was heard on an emergency basis at the Interim Hearing.

   2. The Motion is granted as set forth herein. The Court authorizes the Debtor to use Cash Collateral pending a final hearing on the Motion for the disbursements set forth in the budget attached hereto as Annex 1 (the "Budget"). The Debtor shall be authorized to use Cash Collateral exclusively for disbursements to the extent and in the amounts set forth in the Budget (plus up to 15% more than a particular corresponding "category" in the Budget (e.g., "rent," "phone," or "utilities"), provided that Cash Collateral is available. In the event that Live Oak consents, in writing, to the use of its Cash Collateral in a manner or amount which does not conform to the Budget (such use of Cash Collateral, a "Non-Conforming Use"), the Debtor shall be authorized pursuant to this Interim Order to expend Cash Collateral for such Non-Conforming Use without further Court approval, provided that notice of the proposed modification is provided in advance to the Subchapter V Trustee and the United States Trustee. The Debtor is also authorized to pay pre-petition insurance premiums, including pre-petition amounts, that come due prior to the Final Hearing to avoid irreparable harm.

   3. For the avoidance of doubt, and to the extent it could be viewed as a use of cash collateral, the Debtor may, in the ordinary course of business, continue to pay out pooled tips to its hourly tap room employees who share in such tips, as described in the Debtor's motion to pay employee wages (Docket No. 6).

   4. As adequate protection for the Debtor's use of Cash Collateral hereunder, each of Live Oak and PNC, to secure payment of an amount equal to any diminution in the value of their respective collateral,

are hereby granted the Replacement Liens (as defined in the Motion); provided, however, that the Replacement Liens shall not apply to any funds held, or required to be held, in trust by the Debtor for the benefit of Conrad Seipp Brewing Company pursuant to the written agreement between the Debtor and Siepp (the "Seipp Lien Carve-Out"). The Debtor shall also within fourteen (14) days of the end of each month, provide Live Oak, PNC and the Subchapter V Trustee with an "actual to budget" reconciliation of all inflows and expenses listed in the Budget for the preceding month.

5. As additional adequate protection for the Debtor's use of Cash Collateral hereunder, Live Oak, to secure payment of an amount equal to any diminution in the value of its collateral, is hereby granted the Additional Money Market Lien (as defined in the Motion) subject, to the extent applicable, to the Seipp Lien Carveout. In addition, the Debtor will make an interest only adequate protection payment to Live Oak in the amount of $4,206.52 (approximately 8.5%) in October, 2023.

6. The final hearing on this Motion shall be set for November 1, 2023 at 10:45 a.m. Any objections to the Motion shall be filed no later than the fourth business day prior to the hearing.

7. The Debtor shall serve a copy of this signed Interim Order by first class mail upon all parties that have filed UCC-1 financing statements against the Debtor, the United States Trustee, the Debtor's twenty largest creditors, the Subchapter V Trustee, and any party having filed a request to receive service in this Chapter 11 Case, which shall constitute sufficient notice of the final hearing on this Motion under Rule 4001 of the Bankruptcy Rules.

Enter:

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated: October 6, 2023

**Prepared by:**

Proposed Counsel for the Debtor and Debtor-In-Possession
GOLDSTEIN & MCCLINTOCK LLLP
Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey Dan, Esq. (Atty. No. 6242750)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com

|  | Oct. 2023[1] | Nov. 2023 |
|---|---|---|
| **Beginning Cash** | | |
| Operating | $27,218.00 | $44,714.77 |
| Money Market | $63,755.00 | $63,755.00 |
| **All Accounts** | $90,973.00 | $108,469.77 |
| | | |
| tap room recepts | $186,000.00 | $107,000.00 |
| distro receipts | $20,000.00 | $25,000.00 |
| **gross receipts** | **$206,000.00** | **$132,000.00** |
| | | |
| **fixed costs** | | |
| debt (includes interest expense) | $4,206.00 | $0.00 |
| rent | $24,886.93 | $24,886.93 |
| insurance | $4,500.00 | $5,650.00 |
| IRA Contributions | $1,200.00 | $1,000.00 |
| employee payroll (gross) | $30,000.00 | $30,000.00 |
| mgmt payroll | $9,000.00 | $9,000.00 |
| payroll taxes | $3,780.00 | $3,780.00 |
| excise taxes | $3,000.00 | $0.00 |
| | | |
| **variable costs** | | |
| sales taxes | $14,530.30 | $15,252.00 |
| COGS | $82,400.00 | $52,800.00 |
| Professional Fees | $0.00 | $2,000.00 |
| advertising & marketing | $4,000.00 | $4,000.00 |
| Miscellaneous | $2,000.00 | $2,000.00 |
| repairs, maintenance, office | $5,000.00 | $4,000.00 |
| **total expenses** | **$188,503.23** | **$154,368.93** |
| | | |
| **Net Operating Income** | $17,496.77 | -$22,368.93 |
| | | |
| Ending Cash Operating[2] | $44,714.77 | $22,345.84 |
| Ending Cash Money Market | $63,755.00 | $63,755.00 |
| Total Ending Cash | $108,469.77 | $86,100.84 |

1. Projection for October 3-31, 2023 (post-petition period).
2. Only possible lien(s) would be on cash in operating account.