UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 23-13209 |
| Metropolitan Brewing, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER RETROACTIVE TO THE PETITION DATE AUTHORIZING (I) CONTINUED MAINTENANCE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNT, (II) USE OF EXISTING BUSINESS FORMS, AND (III) RELATED RELIEF**

This cause coming to be heard on the Debtor's Motion for Entry of an Order Retroactive to the Petition Date Authorizing (I) Continued Maintenance of Existing Cash Management System and Bank Account, (II) Use of Existing Business Forms, and (III) Related Relief; and the Court understanding that PNC Bank, National Association (the "Bank") has consented to this form of order; it is hereby ORDERED that:

1. The Debtor is granted authority to: (a) continue using its existing bank accounts ("Bank Accounts") and cash management system, as well as its current stock of checks, correspondence, and business forms without reference to the debtor's status as debtor-in-possession and (b) pay any ordinary course bank fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and perform their obligations under the documents and arrangements governing the Bank Accounts.

2. Those agreements existing between the Debtor and the Bank shall continue to govern the post-petition banking relationship between the Debtor and the Bank and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank (including, for the avoidance of doubt, any rights of Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or post-petition, to the extent permitted under the applicable agreement), unless the Debtor and Bank agree otherwise, and any other legal rights and remedies afforded to Bank under applicable law shall be preserved.

3. The Bank is authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be (including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the Petition Date).

4. In the course of providing cash management services to the Debtor, Bank is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or post-petition, from the appropriate accounts of the Debtor, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtor any amounts resulting from returned checks or

other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

5. Notwithstanding any other provision of this Order, the Bank shall not be deemed to be nor shall be liable to the Debtor or it estate or otherwise be in violation of this Order if Bank honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures. Without limiting the foregoing, Bank may assume that any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order unless otherwise specifically otherwise advised by the Debtor in writing, and Bank shall not have any liability to any party for relying on representations by the Debtor as provided for herein.

6. The Bank, and other banks and financial institutions as applicable, are authorized to receive, process, honor, and pay any and all checks, wire transfer, credit card, and ACH payments and other instructions, as well as drafts payable through, or drawn or directed on, such bank accounts after the petition date, by holders, makers, or other parties entitled to issue instructions with respect thereto.

7. For the sake of clarity, the Court understands that the Bank had made an equipment loan and extended a line of credit to the Debtor pre-petition (all amounts owed on the equipment loan and line of credit, the "PNC Pre-Petition Claim"). Notwithstanding anything to the contrary herein, the Bank will not be authorized to apply amounts in the Debtor's bank accounts to or offset amounts against the PNC Prepetition Claim unless separately approved by the Court.

8. To the extent that the U.S. Trustee Guidelines conflict with the relief granted herein, such guidelines are excused during the administration of this Chapter 11 Case.

Enter: *Deborah L. Thorne*

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated: October 18, 2023

**Prepared by:**

Proposed Counsel for the Debtor and Debtor-In-Possession
GOLDSTEIN & MCCLINTOCK LLLP
Matthew E. McClintock, Esq. (Atty. No. 6280574)
Jeffrey Dan, Esq. (Atty. No. 6242750)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Facsimile: (312) 277-2310
mattm@goldmclaw.com
jeffd@goldmclaw.com